IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-M-1577

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER OF DETENTION PENDING** |
| RUSSELL KING, ) | **TRIAL** |
| ) | |
| Defendant. ) | |

This case is before the court for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The case arises from pending charges against defendant in the Southern District of New York, and the detention motion was filed as part of the removal proceedings in this, the Eastern District of North Carolina, the district of arrest.

After careful consideration of the credible information and argument submitted at the hearing, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required before trial. The government's motion is therefore GRANTED. The information considered by the court includes the pretrial services report; the testimony of the DEA case agent and defendant's grandmother, the proposed third-party custodian; the sworn Sealed Complaint and Affidavit for Search Warrants (*see esp.* pp. 1-2, 18-19) ("complaint"); and the subsequent indictment against defendant on the same charges –namely, conspiracy to distribute more than 50 grams of crack cocaine from August 2004 to December 2004 in violation of 21 U.S.C. § 846.

The principal findings and reasons underlying the court's determination include the following: presentation and proffer of evidence, including statements in the complaint, sufficient to support a conviction on the instant charges; defendant's apparent flight to North Carolina in December 2004 New York to avoid prosecution on the instant charges, as evidenced by DEA agents

advising an adult at defendant's residence in that month that he was wanted by the DEA and leaving at the residence a business card with contact information for the DEA, and subsequent telephone calls to the DEA from a clergyman purportedly calling on defendant's behalf about the charges against defendant; by his flight to North Carolina, defendant's absconding from New York state probation, for which an outstanding bench warrant was issued for him in March 2005; the length of the potential prison term defendant faces if convicted of the instant charges; the lack of a suitable third-party custodial arrangement; the second presumption in 18 U.S.C. § 3142(e) as to flight risk, although defendant proffered sufficient evidence to shift the burden of production to the government; and the other findings and reasons stated in open court.

While the court finds that the proposed third-party custodian would conscientiously attempt to carry out the duties of that position, the custodial arrangement is not suitable because of the relatively high degree of flight risk defendant poses. The court considered evidence offered as mitigating, such as the presence of family members of defendant in this district, but finds that the factors favoring detention outweigh such evidence.

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

2

Case 5:07-mj-01577-JG Document 8 Filed 10/12/07 Page 2 of 3

This, the 12th day of October, 2007.

                                                                             James E. Gates  
                                                                             United States Magistrate Judge